## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MONTGOMERY DIVISION

| | |
|---|---|
| ANGELIA WILLIAMS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Civil Action No.:<br>) 2:21-cv-00028-KFP |
| REINHARDT MOTORS, INC. d/b/a<br>REINHARDT LEXUS, | )<br>)<br>) |
| Defendant. | ) |

### JOINT REPORT OF PARTIES' PLANNING MEETING

Pursuant to Rule 26(f) of the *Federal Rules of Civil Procedure*, the parties respectfully submit the following Report:

1. **Rule 26(f) Conference.** Pursuant to Rule 26(f), the following counsel of record for the parties conferred on March 10, 2021:

> W. Whitney Seals, attorney for Plaintiff Angelia Williams; and

> Jessica Sparhawk, attorney for Defendant Reinhardt Motors, Inc. d/b/a Reinhardt Lexus ("Reinhardt").

The parties have agreed on the following plan.

2. **Brief Description of the Nature of the Case.**

Plaintiff's Claims: Plaintiff claims that Defendant wrongfully terminated her employment and discriminated against her based upon her age in violation of ADEA and AADEA.

1

Defenses of Reinhardt:  Reinhardt denies all of Plaintiff's allegations under the Age Discrimination in Employment Act of 1967 ("ADEA") and the Alabama Age Discrimination in Employment Act ("AADEA"), and reasserts the defenses raised in its answer.  Plaintiff worked at the Reinhardt Lexus Dealership in Montgomery, Alabama, from June of 2004 until July of 2019, at which time she was terminated for unprofessional behavior towards customers and coworkers.  Plaintiff was counseled for her unprofessional behavior prior to her termination, she was unprofessional to coworkers, and this behavior prohibited Plaintiff from fulfilling her job responsibilities as a receptionist.  The decision to terminate Plaintiff's employment was based on the good faith belief of Reinhardt's management that Plaintiff was unprofessional to customers and colleagues.  Reinhardt denies that this decision had anything to do with age or that its employees made any age-related remarks to Plaintiff, in connection with her termination, or otherwise.

3. **Subjects on which Discovery May Be Needed.**  Discovery may be needed on the following subjects:

    a.    Plaintiff's claims and alleged damages; and

    b.    Defendant's defenses.

4. **Proposed Deadlines for Pleadings, Discovery, and Dispositive Motions**.

   a. The parties will provide initial disclosures on or before **April 30, 2021**.

   b. The parties shall have until **May 14, 2021**, to amend the pleadings and/or join additional parties.

   c. Plaintiff shall disclose the identity of any person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the *Federal Rules of Evidence*, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the *Federal Rules of Civil Procedure*, on or before **July 23, 2021**.

   d. Defendant shall disclose the identity of any person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the *Federal Rules of Evidence*, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the *Federal Rules of Civil Procedure*, on or before **September 7, 2021**.

    e.    Supplementation of disclosures and discovery under Rule 26(e) of the *Federal Rules of Civil Procedure* is due as soon as new information is received, but no later than thirty (30) days prior to the discovery deadline.

    f.    All discovery shall be completed by **November 5, 2021**.

    g.    All *Daubert* motions should be filed by **November 22, 2021**.

    h.    All dispositive motions shall be filed 180 days before the pretrial conference date.

5.    **Proposed Dates for Pretrial Conference and Trial.**

    a.    **Pretrial Conference**: The parties anticipate this case being pretrial conference ready in **June 2022**.

    b.    **Witness Lists, Exhibits Lists, and Deposition Designations**: The parties propose that final witness lists, exhibit lists, and designations of witnesses whose testimony will be presented by deposition at trial under Rule 26(a)(3) of the *Federal Rules of Civil Procedure* be filed no less than forty-two (42) days before trial.  The parties propose that they be allowed fourteen (14) days after service of witness lists, exhibit lists, and deposition designations to file objections, and seven (7) days thereafter to file replies.

      c.    **Trial:**  The parties anticipate that the case will be trial ready for the Court's August 2022 jury term.[1] The parties estimate that the case will take **3 days of trial time**.

6.    **Particular Discovery Issues.**  Any forthcoming Scheduling Order, the Local Rules, and the Federal Rules, as appropriate, shall govern all discovery issues that have not been specifically addressed in this plan.

7.    **Inadvertent Production.**  Inadvertent production of a document containing confidential information or other information that is subject to a legally cognizable privilege or objection shall be without prejudice to the producing party. In the event of such inadvertent production, the producing party may, consistent with Rule 26(b)(5)(B), "claw-back" the subject document(s) by providing prompt written notice after becoming aware of the inadvertent disclosure and identifying the document(s) with the appropriate designation to counsel for the receiving party. Following such notice and reproduction, the subject document(s) may not be used except as permitted under the applicable Federal Rules and Local Rules as determined by the Court.  The production of a document copied to an attorney shall not, in and of itself, constitute a waiver of the attorney-client privilege or work product doctrine.  The production of a document or categories of documents also

---

[1] The parties anticipate being trial ready in approximately June 2022. The parties have chosen the August trial term based upon the jury selection dates listed for Magistrate Judges in the Middle District Calendar.

5

shall not be a basis for arguing that the producing party has waived its or his right to object to the relevance, breadth, or scope of the discovery requests of the requesting party, nor shall such production be a basis for requiring the production of other documents or information.  Each party shall also produce a log of all documents withheld on the basis of attorney client privilege or other evidentiary privilege or doctrine under this paragraph.  The parties request the Court to include their agreement in an order under Rule 502 of the *Federal Rule of Evidence*.

    8.    **Limitations on Discovery.**  The parties propose the following limitations on discovery:

    a.    **Limitations on Interrogatories**: The parties propose a maximum of thirty (30) interrogatories by each party to the other party.  Responses shall be due thirty (30) days after service, plus the additional three (3) days provide for in Section 14 below, if applicable.

    b.    **Limitations on Requests for Production**: The parties propose a maximum of thirty (30) requests for production by each party to the other party.  Responses shall be due thirty (30) days after service, plus the additional three (3) days provide for in Section 14 below, if applicable.

      c.      **Limitations on Requests for Admission**: The parties propose a maximum of thirty (30) requests for admission by each party to the other party, with the exception of requests relating to the authenticity of records, for which no limitations shall apply. Responses shall be due thirty (30) days after service, plus the additional three (3) days provide for in Section 14 below, if applicable.

      d.      **Limitations on Depositions.** Depositions shall be limited to a maximum of seven (**7**) hours unless extended by agreement of the parties or order of the Court.

The parties believe that these limitations are proportional to the needs of the case, based on the issues presented and matters on which discovery will be necessary.

    9.    **Protective Orders.** The parties anticipate the need for a protective order covering confidential, private, and/or proprietary documents. The parties will discuss such an order and attempt to present a joint motion for entry of same.

    10.    **Preservation of Discoverable Information.** The parties will endeavor to preserve and maintain discoverable information throughout the pendency of this litigation.

    11.    **Electronically Stored Information.** The parties recognize their obligation, under the Federal Rules, to preserve and produce, if requested in

discovery, all relevant, non-privileged information, including electronically-stored information ("ESI").  The parties have agreed to work cooperatively to resolve any issues concerning the discovery of ESI in the most cost-effective manner given the type and volume of the potentially responsive information.  To the extent that any such information exists and is discoverable, the parties agree that the discoverable ESI will be produced in the form in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable.  To the extent that information or data is stored electronically, the party from whom the data is requested will not be obligated to produce such information or data if it is not reasonably accessible because it would result in undue burden or cost to the party.  In such circumstances, the party asserting that data is not reasonably accessible shall provide to the other party an explanation of why the information is not reasonably accessible and of the undue burden or cost associated with retrieving the data.  If the party requesting the information still insists on its production, the parties shall attempt to reach an agreement on retrieving such data before raising the issue with the Court.

Respectfully submitted on this, 10th day of March, 2021.

| ATTORNEYS FOR PLAINTIFF: | ATTORNEYS FOR DEFENDANT: |
|---|---|
| */s/ Dustin J. Kittle* | */s/ Anne Knox Averitt* |
| Dustin J. Kittle<br>Ashley M. Posey<br>HUMBLE LAW, LLC<br>3112 Blue Lake Drive, Suite 100<br>Birmingham, Alabama  35243<br>dustin@humble.law<br>ashley@humble.law<br><br><br>*- and -*<br><br><br>W. Whitney Seals<br>COCHRUN & SEALS<br>PO Box 10448<br>Birmingham, Alabama 35202<br>Telephone: 205-323-3900<br>whitney@cochrunseals.com | Anne Knox Averitt<br>T. Matthew Miller<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, Alabama 35203<br>Telephone: 205-521-8000<br>Facsimile: 205-488-6621<br>aaveritt@bradley.com<br>mmiller@bradley.com<br><br>*- and -*<br><br>Jessica Sparhawk<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>445 Dexter Avenue, Suite 9075<br>Montgomery, Alabama 36104<br>Telephone: 334-956-7616<br>Facsimile: 334-956-7808<br>jsparhawk@bradley.com |